The opinion of the Court was delivered by <
DüNKIN, Oh.
The plea of the statute of limitations, if sustained, is a bar to the plaintiff’s action. Where it is incor--porated in-an answer to a bill for an account, a decree to account necessarily infers that this defence has been withdrawn, or not insisted upon, or that it has been considered and overruled. In this case it is not clear that this defence was presented by the pleadings. But, if so, the defendant was entitled to have availed himself of it in the argument at the former hearing in this Court. The judgment of the Appeal Court, declaring the liability of the defendant, determined any defence which was made, and precluded any which might have been made. This has been repeatedly ruled, and is necessary for the peace of the community, and that there may be an end of litigation.
But it was supposed that the order of the commissioner might be justified by the decision in Burden vs. McElmoyle, Bail. Eq. 378. In that case no hearing had taken place. The *377 cause was set down for hearing on hill and answer, and had been continued until the next term. The presiding Chancellor, under these circumstances, permitted the defendant to amend by adding the pleas of the statute of limitations and an account stated. The Court of Appeals, with some hesitation, and after animadverting upon the irregularity of the practice as not to be encouraged, sustained the order, as an exercise of judicial discretion. But in this case the defendant had been already heard, both in the Circuit and Appeal tribunals, upon all the grounds which he deemed it necessary to urge upon the consideration of the Court, and his liability had been definitely established. After this it was neither competent for the Commissioner nor a Chancellor to grant the order, which was properly rescinded by the Circuit Court.
The appeal is dismissed.
Johnston, Dargan, and Wardlaw, CO., concurred.

Appeal dismissed.